IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ryan Randolph McLeod, ) | C/A No.: 1:21-102-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Dr. Marion Davis, Mental Health ) | ORDER AND NOTICE |
| Examiner; Lynn Melton, Mental ) | |
| Health Examiner; and Barbara ) | |
| Darlene McDonald, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Ryan Randolph McLeod ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Dr. Marion Davis, Lynn Melton, and Barbara Darlene McDonald ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff is a civilly-committed detainee who alleges his Fourteenth Amendment constitutional rights have been violated. Plaintiff's complaint contains the following allegations:

- "Barbara McDonald being the 'Plaintiff' filing the petition on 01/30/2020, a subpoena was served at my place of residence on 02/04/2020"

- "A mental health evaluation was held at [Sumter Lee Regional Detention Center], once the evaluation was held. Then a court hearing was held by[] Judge Dale Atkinson, Dr. Marion Davis, Lynn Melton, Everett J. Mercer, and Barbara McDonald."

- "The mental health evaluation was held on 06/22/2020. The Sumter County Probate Court hearing was held on 06/24/2020 at 3:30 pm"

- "My Constitutional Rights have been violated. I have been held against my own free will."

[ECF No. 1 at 5]. Plaintiff asks the court to overturn his state court order of involuntary commitment and to release him, as well as for a "substantial amount of money." *Id.* at 6.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on

its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Failure to Meet Pleading Requirements for Complaint

Plaintiff has failed to meet the minimal standards for the filing of a complaint. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. Pursuant to Fed. R. Civ. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff provided a short, plain statement, but his statement does not show he is entitled to relief. The standard complaint form asks "What are the facts underlying your claim(s)? (For example: what happened to you? Who did what? Was anyone else involved? Who else saw what happened?" [ECF No. 1 at part IV(D)]. Plaintiff states that he is being held against his will, but does not allege any specific action by any of the Defendants that was allegedly unconstitutional. *Id.*

For the foregoing reasons, Plaintiff's complaint is subject to summary dismissal for failure to meet the minimal requirements for the filing of a complaint.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **February 17, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

January 27, 2021                        Shiva V. Hodges
Columbia, South Carolina        United States Magistrate Judge