# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Ryan Randolph McLeod, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>)<br>)<br>Dr. Marion Davis, Mental Health )<br>Examiner; Lynn Melton, Mental )<br>Health Examiner; and Barbara )<br>Darlene McDonald, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 1:21-cv-102-TMC<br><br>**ORDER** |

  Plaintiff, a *pro se* litigant proceeding *in forma paurperis*, brought this action alleging Defendants violated his constitutional rights in connection with his civil commitment following a mental health evaluation. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Plaintiff seeks to have his order of involuntary commitment overturned as well as a "substantial" award of money. It appears, however, that Plaintiff was subsequently released from detention and now lists a private address for purposes of this action. (ECF Nos. 9; 17).

  On January 27, 2021, the magistrate judge issued a proper form order specifying certain information required for review of Plaintiff's action and warning

Plaintiff that if he "does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Fed. R. Civ. P." (ECF No. 6 at 1). The magistrate judge also issued an Order and Notice advising Plaintiff that his complaint was deficient and subject to summary dismissal in that it did not contain allegations identifying "any specific action by any of the Defendants that was allegedly unconstitutional." (ECF No. 7 at 4). The magistrate judge, however, afforded Plaintiff an opportunity to cure the substantive deficiencies in his complaint by filing an amended complaint by February 17, 2021. *Id*. at 5. Plaintiff was warned that the failure to cure would result in a recommendation to the court that the claims be dismissed without leave for further amendment. *Id*. The Clerk of Court sent both the proper form order and the Order and Notice to Plaintiff at his updated address via Unites States Mail. (ECF Nos. 10; 11). Plaintiff did not file an amended complaint or otherwise attempt to cure the deficiencies in his complaint. Likewise, Plaintiff did not respond to the proper form order.

Subsequently, the magistrate judge issued a Report and Recommendation ("Report") concluding that Plaintiff did not intend to pursue this action in light of his failure to respond to the magistrate judge's orders and recommending that the court dismiss the action pursuant to Rule 41(b). (ECF No. 14 at 4–5). Additionally, the magistrate judge concluded that the complaint was subject to summary dismissal

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) because Plaintiff fails to allege any facts describing the Defendant's supposedly unconstitutional conduct. *Id*. at 5. Because the complaint is utterly devoid of any facts upon which relief could be granted, the magistrate judge recommended that the court dismiss this action as frivolous. *Id*. at 2, 5. The Report advised Plaintiff of his right to file objections and the consequences for failing to do so (ECF No. 14 at 7), and the Clerk of Court mailed the Report to Plaintiff at his updated address (ECF No. 15). No objections have been filed, however, and the time for doing so has now expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful review of the thorough Report issued by the magistrate judge, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, **ADOPTS** the Report (ECF No. 14) and incorporates it herein.[1] This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 23, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The court dismisses this action without prejudice, however, instead of dismissing with prejudice as recommended by the Report. (ECF NO. 14 at 6).